LEONARD ARMITAGE, PLAINTIFF-APPELLANT, v. SUN OIL COMPANY AND WARREN F. BROOKS, DEFENDANTS-RESPONDENTS.

Argued February 14, 1933—Decided April 28, 1933.

For the plaintiff-appellant, *William Reich* and *Maxwell A. Kraemer*.

For the defendants-respondents, *Herbert W. Backes* and *Martin P. Devlin*.

PER CURIAM.

This appeal brings up a judgment of nonsuit directed by Judge Oliphant in the Mercer Circuit against the plaintiff in a suit for damages for malicious prosecution. Two grounds of appeal are written down: (1) That the defendants' motion for nonsuit was granted; (2) that the plaintiff's motion for a voluntary nonsuit was denied. The second ground was not argued on the appeal and is therefore abandoned. It is conceded that of the essentials in an action for malicious prosecution only that of want of probable cause need be considered. Respondents contend that that essential was not proved by the plaintiff below, and that therefore the nonsuit was properly granted.

Warren F. Brooks, Trenton manager of Sun Oil Company, caused the arrest of the plaintiff on a complaint that purported to charge violation by plaintiff of chapter 116 of the Pamphlet Laws of 1928. The complaint charged that Leonard Armitage, proprietor of the Airway Service Station, Trenton-Brunswick Pike, on or about the 12th day of March, 1930, "did sell, expose and offer for sale a liquid fluid so as to deceive or attempt to deceive the purchaser thereof as to the nature, quality and identity of the same by false representation, by the use of disguised camouflaged pump or pumps and by imitating the design and color of such pumps in which a recognized liquid fluid is marked, namely, the brand of the Sun Oil Company, known as Blue Sunoco motor fluid against the peace of the state, and in violation of our

statutes, chapter 116, laws of 1928." Armitage was arrested, detained and bailed to await the action of the grand jury. No bill of indictment was found, and the prosecution terminated.

There are several outstanding faults wherein the complaint varies from the statute upon which it is based. The complaint had to do with a liquid fluid, which may or may not be a liquid fuel against which the statute is directed. The complaint uses the words "deceive or attempt to deceive" where the statute reads "deceive or tend to deceive." However, we may assume for present purposes that the complaint in these respects correctly follows the statute. Except for these variations the complaint is practically identical with the one considered by this court in *Hafner* v. *Brooks,* 109 *N. J. L.* 44; 10 *Atl. Rep.* 494.

The proofs, giving them the aspect most favorable to the plaintiff, as we must on defendants' motion for a nonsuit, were that Armitage maintained a gas pump of standard design to which defendants had no conclusive right. The pump was painted blue and yellow with the same color scheme as was used by Sun Oil Company for its pumps. The gas contained in plaintiff's pump was blue in color and was not Sunoco, though the latter gas was also blue; and here again it does not appear that the Sun Oil Company had exclusive right to that color. A woman attendant had sold gas from the Armitage pump to a purchaser with the assurance that it was Sunoco gas. Brooks, on his own behalf and that of his employer, had presented the facts, including the above-mentioned sale of gas under an express misrepresentation, to Mr. Herbert W. Backes, an attorney and counselor-at-law, and was informed by Mr. Backes that the latter believed that there was sufficient ground for complaint and that Armitage had violated the law; and on that advice Brooks made the complaint.

It was held in *Hafner* v. *Brooks, supra,* that a complaint worded as is the one under review limited the offense charged to the effort to deceive by the use of disguised camouflaged pumps and by imitating the design and color of pumps; and

that the latter charge is beyond the purview of the statute invoked. The opinion further held that while the sale of another fluid under the false representation that it was Blue Sunoco would be a violation of the statute, nevertheless such a charge was not embodied within the language of the complaint, and that when one in seeking advice of counsel lays the fact of such a violation before his counsel, but in making the complaint does not charge the act, it is open to the jury to find that the advice of counsel was not followed because the case submitted to him differed from the one on which criminal proceedings were taken.

On the facts and the pertinent law the case seems to be on all fours with Hafner *v.* Brooks. There one of the alleged grounds of error was that the court had denied a motion for nonsuit and it was held that upon the facts the court was required to so rule. On the principle of *stare decisis* we come to the conclusion that as the case stood at the time of the court's ruling it was one for the jury.

It follows that the court erred in granting the nonsuit. Judgment below will be reversed and a *venire de novo* issue.

*For affirmance*—PARKER, BODINE, KAYS, WELLS, JJ.  4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CASE, DONGES, HEHER, VAN BUSKIRK, HETFIELD, DEAR, JJ.  9.